UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

O. Z. MARTIN,

        Petitioner,

    v.

TIM VIRGA, Warden,

        Respondent.
_____/

No. C-12-1351 EMC (pr)

**ORDER ON INITIAL REVIEW**

### I.  INTRODUCTION

O. Z. Martin, an inmate at the California State Prison - Sacramento, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

### II.  BACKGROUND

In 1998, Martin attacked his 73-year old landlord with a machete.  In 2000, he was convicted in the Alameda County Superior Court of attempted murder. In 2003, Martin filed a federal habeas petition challenging the conviction. *See Martin v. Carey*, No. C 03-4659 MJJ.  That petition was denied on March 26, 2007, and a certificate of appealability was denied.  Several years later, Martin successfully applied to the U.S. Court of Appeal for the Ninth Circuit for authorization to file a second or successive habeas petition with regard to the 2000 conviction. *See Martin v. Virga*, Ninth Cir. No. 11-72405 (Feb. 14, 2012 order).   He then filed a new habeas petition to commence this action.

1  In his new habeas petition, Martin asserts two claims: (1) he is actually innocent of the
2 attempted murder, so his sentence for the crime violates his rights under the Fourteenth
3 Amendment's Due Process and Equal Protection Clauses and under the Eighth Amendment to the
4 U.S. Constitution; and (2) trial counsel provided ineffective assistance of counsel in that he
5 neglected to obtain Martin's medical/mental health records from the Social Security Administration
6 that would have enabled him to show Martin was insane at the time of the offense.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") contains rules limiting the consideration of successive and second habeas petitions. A claim presented in a habeas petition that was presented in a prior habeas petition "shall be dismissed." 28 U.S.C. § 2244(b)(1). Section 2244(b)(2)(B) provides that a claim presented in a second habeas petition that was *not* presented in an earlier petition must be dismissed unless:

> (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[1]

---

[1] 28 U.S.C. § 2244(b)(2) also provides that a claim presented for the first time in a second petition should not be dismissed if "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

United States District Court
For the Northern District of California

1  Even though the Ninth Circuit Court of Appeals has determined that Martin made a prima facie
2  showing that at least one claim satisfies § 2244(b), the district court must probe deeper and
3  determine whether each claim actually -- not just on its face -- satisfies § 2244(b).  *Compare* 28
4  U.S.C. § 2244(b)(3)(A) *with* 28 U.S.C. § 2244(b)(4).  If a claim does not actually satisfy § 2244(b),
5  this court must dismiss it.

6  The record before the Court is insufficient to determine whether each claim in the petition
7  satisfies § 2244(b).  The Court has obtained the case file for Case No. C 03-4659 MJJ from the
8  Federal Records Center.  That file does not now contain the exhibits respondent lodged with his
9  answer to the petition.  The missing exhibits include the clerk's transcript, the reporter's transcript,
10 and the state appellate court briefs.

11 Martin's claim in his new petition that counsel was ineffective in not obtaining mental health
12 and medical records from the Social Security Administration bears some resemblance to his claim in
13 his 2003 federal petition that counsel was ineffective in that he failed to investigate and pursue a
14 diminished capacity or other mental defense claim.  *See Martin v. Carey*, No. C 03-4659 MJJ,
15 Docket # 24 (Order Denying Petition For Writ of Habeas Corpus, pp. 17-19.  However, without the
16 full record from the 2003 action, it cannot be determined whether the claim must be dismissed as
17 successive.  *See* 28 U.S.C. § 2244(b)(1).  Also, the record is not sufficiently developed for the court
18 to make any determination under § 2244(b)(2)(B).  The Court's analysis would be aided by input
19 from the parties as to whether the petition satisfies § 2244(b)(1) and (2).  This is an appropriate case
20 in which to order Respondent to file some other response because neither summary dismissal nor
21 service is appropriate.  *See* Rule 4 of the Rules Governing Section 2254 Cases In The United States
22 District Courts.  If Respondent believes that the petition should be dismissed under § 2244(b), he
23 may file a motion to dismiss asserting such an argument.  In his motion to dismiss, Respondent also
24 may assert any other procedural objection to the petition he has.
25 ///
26 ///

---

28  previously unavailable."  28 U.S.C. § 2244(b)(2)(A).  This subsection has no application in Martin's case because he is not relying on any new law.

3

## IV. CONCLUSION

Good cause appearing therefor,

1. The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **June 29, 2012**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **August 3, 2012**.

4. Respondent may file and serve a reply on or before **August 20, 2012**.

5. The motion and opposition may not exceed fifteen pages in length, and the reply may not exceed eight pages in length.

6. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

7. Petitioner's request for an extension of time to file the *in forma pauperis* application is GRANTED. (Docket # 3.) Petitioner's *in forma pauperis* application is deemed timely filed and is GRANTED. (Docket # 4.)

IT IS SO ORDERED.

Dated: May 9, 2012

_____
EDWARD M. CHEN
United States District Judge

4