UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

O. Z. MARTIN,

        Petitioner,

    v.

TIM VIRGA, Warden,

        Respondent.
_____/

No. C-12-1351 EMC (pr)

**ORDER DENYING POST-JUDGMENT MOTION AND DENYING COA**

This matter is before the Court for consideration of Petitioner's latest effort to obtain relief from his 2000 conviction for attempted murder. Petitioner filed a habeas petition in 2003 that was denied on the merits in 2007. *See Martin v. Carey*, Case No. C 03-4659 MJJ. This Court and the Ninth Circuit denied a certificate of appealability ("COA") in 2007. In 2011, Petitioner filed another habeas petition in 2011, which was dismissed because it impermissibly challenged the restitution component of his sentence. *See Martin v. Virga,* No. C 11-5178 EMC. In 2012, filed this action after he obtained permission from the Ninth Circuit to file a second or successive petition. On December 21, 2012, this Court dismissed the petition as an impermissible successive petition and, alternatively, as an impermissible second petition. Docket # 18. This Court denied a COA on February 27, 2013. Docket # 25. The Ninth Circuit then denied a COA, and later denied Petitioner's motion for reconsideration of the denial of the COA, Docket # 27; Docket # 30 at 31. The U.S. Supreme Court then denied Petitioner's petition for writ of certiorari challenging the denial of the COA, Docket # 29, and later declined to entertain Petitioner's petition for rehearing of the

1  denial of the petition for writ of certiorari.  *See* Docket # 30 at 36-37.[1]  Petitioner then returned to
2  this Court with his Rule 60(b) motion.

3        Petitioner's Federal Rule of Civil Procedure 60(b) motion states that it seeks relief from the
4  order denying him a COA, but most of the arguments are directed at the order of dismissal which
5  preceded the order denying the COA.  The court construes the Rule 60(b) motion to be directed at
6  both the order of dismissal and order denying the COA, finds it meritless as to both orders, and
7  therefore DENIES the motion.  Docket # 7.

8        Petitioner seeks relief under both Rule 60(b)(3) and Rule 60(b)(6).  Rule 60(b)(3) allows
9  relief from a judgment or order on the ground of "fraud (whether previously called intrinsic or
10 extrinsic), misrepresentation, or misconduct by an opposing part."  Fed. R. Civ. P. 60(b)(3).
11 Petitioner asserts that there was "fraud" in the court's reasoning because it was, in his view,
12 erroneous.  He does not allege any fraud by his opponent.  Rule 60(b)(3) has no application to the
13 arguments made by Petitioner because Rule 60(b)(3) requires the fraud to be perpetrated by the
14 movant's opponent.  *See Latshaw v. Trainer Wortham & Co.,* 452  F.3d 1097, 1102 (9th Cir. 2006)
15 ("in order [for plaintiff] to prevail on a Rule 60(b)(3) motion, the defendants must have committed
16 the fraud at issue").

17       Petitioner fares no better under Rule 60(b)(6), the catchall provision that allows relief from a
18 judgment or order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  "Rule
19 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized
20 only where extraordinary circumstances prevented a party from taking timely action to prevent or
21 correct an erroneous judgment."  *Latshaw*, 452 F.3dd at 1103 (internal quotation marks omitted).
22 Mere dissatisfaction with the Court's order or belief that the Court is wrong in its decision are not
23 adequate grounds for relief.  *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338,
24 1341 (9th Cir. 1981).  Petitioner's Rule 60(b) motion is simply a rehash of arguments already made
25 and rejected, and does not warrant any relief from the order of dismissal or the order denying the

---

[1] Petitioner also filed a petition for modification of his sentence in February 2014, which was rejected as a second or successive petition for which Petitioner had not obtained permission from the Ninth Circuit to file.  *See Martin v. Foulk*, No. C 14-643 EMC.

1 COA. Petitioner's disagreement with the Court's analysis and assessment of the evidence in its
2 earlier rulings is not a reason to set aside the earlier rulings.
3      No certificate of appealability will be issued. This is not a case in which "jurists of reason
4 would find it debatable whether the petition states a valid claim of the denial of a constitutional right
5 and that jurists of reason would find it debatable whether the district court was correct in its
6 procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

8      IT IS SO ORDERED.

10 Dated: May 13, 2015

12                                        EDWARD M. CHEN
                                       United States District Judge

United States District Court
For the Northern District of California

3